RECEIVED

MAR 23 2023

BY MAIL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

UNITED STATES OF AMERICA,

      PLANTIFF,

                         S1-4:19-CR-0770-HEA

ANTHONY LEMICH,

      DEFENDANT.

## Motion in Limine

Comes now Mr. Lemicy, pro-se (Hereinafter the Defendant) a Federal pretrial inmate presently housed in Ste. Genevieve, Mo in the Eastern District of Missouri, files this Motion in Limine to respond to the Governments many motions.

1) Notice of Intent to Use Victim's CAC Interview

The defendant files this notice in advance of trial of its intent to offer, the minor(s) Kavian C., and Mariah R., video recorded C.A.C interview that occurred on July 26, 2019, and August 2, 2019, in accordance with

1 of 6

with Federal Rules of Evidence 807(b).

The defendant is charged with four (4) counts of violating title 18, United States Code, Section 2251(a). The alleged victim Mariah R. is identified in Count 1, and Kavion C. is the brother of Kiara C., the alleged victim also identified in Count 1.

The Government provided it's Notice to Offer into Evidence the C.A.C interview of Lynette R. under Rule 807(b) in October 2022 (Doc #162), and has since then provided the substance of the statement in the form of a transcript and visual/audio disk.

The defense is asking the Government to assist with getting a copy of the recorded interviews of both the mentioned minors in transcript form due to the lack of, and the inability of the defendant to access the software needed to complete the task.

2) Cellebrite screen captures

The Government sent to the defendant a copy of "cellbrite software screen captures" the images are difficult to examine and view due to the small print, and lack of clarity. The defendant would and request another copy of the pages that make-up the 'screen captures' and

ask the Government to enlarge the images, and resend before trial or have ready for trial, also the defendant would like to amend the Exhibit list and add the 'cellbrite software screen captures' to the list as exhibit "R".

3) Notice to Play 911 calls

The Government sent a notice under Federal Rule of Evidence 902 to introduce 911 calls from 7-25-2019 at the trial. The defendant is willing to stipulate to the 911 calls, and ask that the Government drafts a stipulation so that the Government does not have to call the Custodian of Records.

4) Notice of 404(b) Evidence

The defendant filed a pro-se motion to Dismiss Indictment for lack of Particularity (Doc # 183), due to the fact that the defendant wasn't informed of the video(s)/photo(s) that make up the charges in the indictment concerning count two thru four (2-4).

On March 18, 2023 the defendant received the Governments notice to introduce evidence under 404(b), and finally due to that notice the defendant was fully informed of which video(s)/photo(s) that be at the case-in-chief.

The defendant objects to the following photo(s)/video(s) being introduced (1) 20190108-150420, (2) 20181105-165539, (3) 20190108-151808, (4) 1563502009920-20190717, (5) 1564087413609-20190427 (6) 1563502014250-20190708 (7) 1563502014250-20190708, (8) 1563502000677-20190717 (9) 1563502006153-20190717; and (10) 1563502003376-20190717.

The objection to these photo(s)/video(s) are based on the fact that the dates of all the mentioned items goes beyond the dates that are mentioned in the probable cause statement that the warrant is based off of, and also the method of acquiring the foresaid evidence is in violation of Federal Rule of Evidence 41 (e)(2)(A), and (e)(2)(B).

The subsequent search that was conducted in September 2020 at the field Office of the United States Secret Service was conducted with a State issued search warrant that was returned as executed in August 2019, and the investigation was closed in October 2019, also there wasn't a new probable cause or a new warrant issued in State Court or Federal Court.

This objection is in regard to Factual Background (iv) Forensics.

5) Factual Background

The defendant does not object to the (I) Detailed facts or to the description of the defendant being (II) transported to the Police Headquarters. The defendant does objects to the introduction of any evidence of Lynette R. (III) C.A.C interview, and any statements III. Rule 404(b)(1) from "L.R", based on the fact without the illegally gathered evidence obtained from the subsequent search there would not have been a reason for her to be interviewed by a forensic examiner or for her to make a statement.

6) Proposed Jury Instruction

In the Government's Proposed Jury Instructions on page 19, 21, 23, and 25 the Jury Instruction wording is "A person is "used" if they are photographed, video recorded, or video taped."

The defendant proposes that the Government uses "The 'use' component is fully satisfied for the purpose of the Child Pornography statue title 18 United States Codes 2251 if the child is photographed in order to create pornography."

This term is from U.S. v. Fadl 498 F.3d 862 (8th cir 2007) quoting United States v. Sirois 87 F.3d 2441 (2nd cir 1996)

## Conclusion

For the foregoing reasons, the defendant respectfully request that the Court accepts and grant the provisions in this Motion in Limine.

Respectfully submitted

Anthony Lemicy 72889
5 Basler Drive
Ste. Genevieve, Mo 63670

6 of 6

Anthony Lemley 72889
5 Basler Drive
Ste. Genevieve, Mo 63670

SAINT LOUIS MO  630

MAILED FROM
STE GENEVIEVE CO
DETENTION CENTER

USA ★ FOREVER



RECEIVED

MAR 23 2023

BY MAIL

Honorable Judge
Mr. Autrey — Court Clerk - 10th floor
111 S. 10th Street
St. Louis, Mo 63102

63102-112599